

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*50 Main Street, Suite 1100*
*White Plains, New York 10606*

January 2, 2024

**VIA ECF**

The Honorable Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    *United States v. Rai Thomas,* 23 Cr. 481 (NSR)

Dear Judge Román:

    The Government respectfully writes regarding the status of the above-referenced matter, which is scheduled for a status conference on January 5, 2024, at 10:00 a.m.

    On July 20, 2022, the defendant was arrested based on a Complaint charging him with one count of Sex Trafficking of a Minor, in violation 18 U.S.C. § 1591(a) and (b)(2), carrying a ten-year mandatory minimum term of incarceration, and one count of Travel Act sex trafficking, in violation of 18 U.S.C. § 1952(a)(3). The detailed, 15-page Complaint described three episodes of sex trafficking of a minor in which the defendant engaged in January and February 2022. Judge McCarthy ordered the defendant detained after a bail hearing, at which the defendant was represented by current defense counsel.

    The defendant subsequently retained private counsel and between August 2022 and July 2023, consented to 12 Orders of Continuance in order to pursue discretionary relief from the mandatory minimum charge he faces through the Office's mitigation process. On July 18, 2023, retained counsel withdrew and current defense counsel returned to the case. The defendant through current counsel then consented to an additional three Orders of Continuance in order to resume efforts towards preparing a mitigation package for submission to this Office's mitigation committee. On or about September 14, 2023, the defendant through current defense counsel abruptly informed the Government that it would no longer be pursuing mitigation efforts, no longer continuing the indictment deadline, and would seek formal Rule 16 discovery.[1]

    Accordingly, days later on September 18, 2023, the grand jury indicted the defendant in a two-count Indictment mirroring the charges in the Complaint. On September 28, 2023, Judge McCarthy arraigned the defendant on the Indictment and on the same date the parties appeared before Your Honor. At the arraignment, the defense changed positions again, now alerting the

---

[1] The Government had produced select preindictment discovery to the defendant in August 2022 and January 2023, in order to facilitate the parties' discussions towards a pretrial disposition.

Court that it would in fact be pursuing mitigation relief and thus not seeking formal Rule 16 discovery. Based on those representations, the Court set a status conference control date for nearly four months out, on January 5, 2024, and excluded time under the Speedy Trial Act.

On January 1, 2024, the Government contacted defense counsel in advance of the January 5, 2024, control date in order to discuss the status of the mitigation package and the anticipated additional time needed for its completion. In response, defense counsel informed the Government that the defense has yet again changed its position, and will now be seeking formal Rule 16 discovery, effectively abandoning the mitigation process.

This case has been pending without progress for approximately a year and a half, and has included repeated delays on the basis of the defense's on-again-off-again pursuit of relief through the Office's mitigation process, which contemplates an applicant's timely acceptance of responsibility, among other things. The defendant having effectively abandoned the mitigation route to a pretrial disposition, the Government respectfully requests that the Court hold the January 5, 2024, conference as scheduled. At the conference, the Government will ask the Court to set a discovery schedule, a motion schedule, and a trial date.

    Respectfully submitted,

    DAMIAN WILLIAMS
    United States Attorney

By:    /s/ Qais Ghafary
    Qais Ghafary
    Assistant United States Attorney
    Tel: (212) 637-2534

Cc: Rachel Martin, Esq. (via ECF)