```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/23/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                              Plaintiff,

-against-

RAI THOMAS,

                              Defendant.

No. 7:23-CR-00481-NSR-1

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

    Rai Thomas ("Thomas" or "Defendant") is charged with one count of sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a) and (b)(2) and 2, and one count of using interstate facilities to promote unlawful activity in violation of 18 U.S.C. §§ 1952(a)(3) and 2 (the "Subject Offenses"). By motion filed on April 15, 2025 (ECF No. 59), Defendant seeks to suppress evidence seized pursuant to a search warrant (the "Search Warrant") executed on July 22, 2022, which authorized the search Defendant's residence at 59 Mount Vernon Avenue, Apartment 3, Mount Vernon, New York (the "Defendant's Residence" or the "Subject Premises").The Search Warrant was issued by the Honorable Judge Andrew E. Krause upon an affidavit by FBI Special Agent Caleb Taylor ("Taylor Aff.").

    Defendant contends that the Search Warrant was overbroad in authorizing the seizure of any and all electronic devices and thus constitutionally invalid. Defendant asks the Court to set a *Franks* hearing if the motion to suppress is denied.

    For the reasons set forth below, the Court denies Defendant's motion to suppress and denies request for an evidentiary hearing.

1

## BACKGROUND

The following facts are drawn from the July 20, 2022 Complaint (ECF No. 3) ("Compl."), the Indictment (ECF No. 39) ("Ind.") and the parties' submissions: Defendant's instant motion to suppress ("Mot.") and his counsel's declaration in support (ECF No. 59) ("Galluzzo Decl."); and the Government's opposition (ECF No. 60) ("Govt Opp'n.").

Defendant Rai Thomas was indicted for sex trafficking of a minor. In January and February 2022, Defendant caused a female minor victim ("Minor Victim-1") to engage in prostitution (*i.e.*, "commercial sex") in hotels in the Bronx and Brooklyn, New York. (Compl. ¶ 4.) Minor Victim-1 lived at a residential facility for vulnerable and at-risk minors located within Dutchess County. (*Id.*) Defendant coordinated and financially benefitted from her commercial sex activities. (*Id.*) Specifically, Defendant recruited Minor Victim-1 to engage in commercial sex; reserved hotels rooms in which she engaged in commercial sex; coordinated transportation of Minor Victim-1 to hotels to engage in commercial sex; and facilitated sexually-explicit advertising Minor Victim-1 on various websites for commercial sex to attract customers. (*Id.*) Defendant also collected proceeds of commercial sex from Minor Victim-1 and paid her a portion.

The Complaint describes Defendant's offense conduct, including how Defendant used electronic devices and the internet to facilitate the sex trafficking of Minor Victim-1. Specifically, the Complaint avers how the defendant used electronic devices to regularly communicate with Minor Victim-1 via text message to coordinate her commercial sex, (*see, e.g.*, Compl. ¶¶ 11-13); solicit and obtain photographs from Minor Victim-1 for use in advertisements that the defendant caused to be posted to websites advertising commercial sex with Minor Victim-1, (*see, e.g.*, Compl. ¶¶ 12-13, 15), and order and coordinate transportation for Minor Victim-1 to travel to locations to engage in commercial sex (*see, e.g.*, Compl. ¶ 11), among other uses. The Complaint

also specified how Defendant's use of electronic devices to facilitate the Subject Offenses was identified by law enforcement to be extensive and spanning across multiple devices including multiple cellphones used by Defendant as well as multiple additional cellphones used by Minor Victim-1, including a phone provided to Minor Victim-1 by Defendant (*see, e.g.*, Compl. ¶ 5).

On July 20, 2022, in conjunction with authorizing the Complaint and issuing a corresponding arrest warrant, Magistrate Judge Krause authorized a search of the Subject Premises and the seizure of items including, *inter alia*, "[c]omputers, cellular phones, thumb drives, and other electronic media, capable of storing and/or transmitting electronic messages, photographs, and videos, or capable of accessing the internet," which could reasonably contain evidence of the Subject Offenses.

For probable cause supporting the search of the Defendant's Residence, the FBI affiant believed that the Defendant lived at the Subject Premises, because the Subject Premises was listed on the Defendant's driver's license, the Defendant had used the Subject Premises address to reserve a hotel room in connection with his sex trafficking, and law enforcement had positively identified the Defendant when law enforcement visited the Subject Premises weeks earlier. (Taylor Aff. ¶ 9.) The Affidavit also detailed the probable cause to believe that the Defendant had engaged in the Subject Offenses, including by summarizing, attaching, and incorporating by reference the Complaint and identified that based on the agent's training and experience, individuals who are engaged in the Subject Offenses "often store fruits, evidence, and/or instrumentalities of the Subject Offenses in their residence, including records pertaining to sex trafficking such as hotel records, videos and photographs of victims, locations, and individual who purchase commercial sex, electronic devices used in connection with the Subject Offenses, identifying articles of clothing, instrumentalities such as condoms and lingerie, and currency constituting proceeds from

the Subject Offenses." Further, Defendant used electronic devices in order to recruit Minor Victim-1 to engage in commercial sex; coordinate the transportation of Minor Victim-1 to the hotels in which commercial sex took place; and facilitate the advertisement of Minor Victim-1 to customers for commercial sex. (Taylor Aff. ¶¶ 10-11.)

On July 22, 2022, officers executed the warrant of the subject premises and seized, *inter alia*, seven cell phones, an iPod, and a USB thumb drive. On April 15, 2025, the Defendant filed the instant Motion to suppress and supporting materials. The Motion seeks to suppress all physical evidence recovered from the Subject Premises, including "cellular telephones and other electronic devices," and "all electronically stored information and evidence obtained" from the electronic devices. (*Id.*) In the alternative, the Motion requests a Franks hearing. (*Id.*)

## LEGAL STANDARD

*Motions to Suppress and Evidentiary Hearings*

To defeat a suppression motion, "[t]he Government bears the burden of proof as to establishing probable cause" or reasonable suspicion, as the case may be. *United States v. Delossantos*, 536 F.3d 155, 158 (2d Cir. 2008). The Government must make this showing "by a preponderance of the evidence." *United States v. Matlock*, 415 U.S. 164, 177 n.14, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974).

"[A]n evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question." *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992) (internal quotation mark omitted). A defendant may not rely on "bald assertions," and "[w]ithout specification of the factual basis" that supports suppression, "the district court is not required to have a hearing." *United States v. Mathurin*, 148

4

F.3d 68, 69 (2d Cir. 1998); *see also United States v. Viscioso*, 711 F. Supp. 740, 745 (S.D.N.Y. 1989) ("A hearing is not required if the defendant's statements are general, conclusory or based on conjecture.").

*Search Warrants*

The Fourth Amendment prohibits "unreasonable searches and seizures," and mandates that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV. As the Supreme Court has stated, "probable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Illinois v. Gates*, 462 U.S. 213, 232, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Therefore, the probable-cause determination "is not overly strict." *United States v. Martin*, 426 F.3d 68, 74 (2d Cir. 2005). "Presented with a warrant application, [a] judge must 'simply ... make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him [or her] ... there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Id.* (quoting *Gates*, 462 U.S. at 238, 103 S.Ct. 2317) (emphasis in original). "The quanta of proof necessary to establish probable cause is 'only the probability, and not a prima facie showing, of criminal activity.'" *United States v. Wagner*, 989 F.2d 69, 72 (2d Cir. 1993) (quoting *Gates*, 462 U.S. at 235, 103 S.Ct. 2317).

Once a warrant has been issued by a judge and executed, the duty of a court reviewing a magistrate judge's probable cause determination on a motion to suppress is far more limited: its task is "simply to ensure that the magistrate had a 'substantial basis for ... [concluding]' that probable cause existed." *Gates*, 462 U.S. at 238–39, 103 S.Ct. 2317 (quoting *Jones v. United States*, 362 U.S. 257, 271, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960)). The issuing magistrate's decision

is "entitled to substantial deference, and 'doubts should be resolved in favor of upholding the warrant.'" *United States v. Rosa*, 11 F.3d 315, 326 (2d Cir. 1993) (quoting *United States v. Travisano*, 724 F.2d 341, 345 (2d Cir. 1983)). Indeed, the magistrate's "finding of probable cause is itself a substantial factor tending to uphold the validity of [the] warrant." *Travisano*, 724 F.2d at 345. "Such deference derives not only from the law's recognition that probable cause is 'a fluid concept' that can vary with the facts of each case, but also from its 'strong preference' for searches conducted pursuant to a warrant[.]" *United States v. Clark*, 638 F.3d 89, 93 (2d Cir. 2011) (quoting *Gates*, 462 U.S. at 232, 103 S.Ct. 2317). Thus, the "task of a reviewing court is simply to ensure that the 'totality of the circumstances' afforded the magistrate 'a substantial basis' for making the requisite probable cause determination." *Id.* (quoting *Gates*, 462 U.S. at 238, 103 S.Ct. 2317).

## DISCUSSION

Defendant moves to suppress the seized electronic devices, and the electronic information discovered therein, under the theory that the Search Warrant was overbroad because, "the seizure of any and all electronic devices in a residence occupied by potentially more than one resident when law enforcement already had reason to know that they were looking for two specific cellphones." (Mot at 4.) Defendant's argument is misguided. Contrary to Defendant's assertions, the Search Warrant, which limited the search for electronic devices believed to contain evidence, fruits, and instrumentalities of the Subject Offenses—that is, devices that were reasonably believed to be used, possessed, or controlled by Defendant that may contain any electronically stored information responsive to specified categories of evidence, satisfies the particularly and probable cause requirements under the Fourth Amendment.

The Fourth Amendment states that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV. "The Supreme Court has explained that

'probable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules.'" *United States v. Falso*, 544 F.3d 110, 117 (2d Cir. 2008) (quoting *Illinois v. Gates*, 462 U.S. 213, 232 (1983)). Further, the Second Circuit has explained that to satisfy the particularity requirement, a warrant must have "three components": (1) "[the] warrant must identify the specific offense for which the police have established probable cause[,]" (2) it must "describe the place to be searched[,]" and (3) it must "specify the items to be seized by their relation to designated crimes." *United States v. Galpin*, 720 F.3d 436, 446–47 (2d Cir. 2013). "While particularity focuses on whether the warrant provides the necessary guidelines for the search … the requirement that a warrant not be overbroad focuses on whether the government lacked probable cause to search and seize the listed items." *United States v. Elkorany*, No. 20 Cr. 437 (NRB), 2021 WL 3668086, at *4 (S.D.N.Y. Aug. 17, 2021) (citing *United States v. Hernandez*, No. 09 Cr. 625 (HB), 2010 WL 26544, at *7 (S.D.N.Y. Jan. 6, 2010)). "[A] warrant is overbroad if its 'description of the objects to be seized ... is broader than can be justified by … probable cause….'" *Galpin* at 446.

Here, the Search Warrant (1) identifies the specific offenses, (2) it describes the places to be searched and, (3) described the particular types of materials to be seized (e.g., photographs, communications, electronic media capable of storing and/or transmitting electronic messages, photographs, and videos, or capable of accessing the internet.). When specifying the items to be seized, a warrant may list particular categories of items to be seized as evidence of the crimes designated in the warrant. *See United States v. Robinson*, No. 16-CR-545, 2018 WL 5928120, at *17 (E.D.N.Y. Nov. 13, 2018) (rejecting particularity challenge to warrant that set out "the particular categories of property to be seized which 'constitute[d] evidence, instrumentalities, contraband or fruits of the Subject Crimes,'" and where the warrant only authorized the seizure of

property to the extent that it related to the crimes described in the supporting affidavit). A warrant is overbroad if its "description of the objects to be seized ... is broader than can be justified by the probable cause upon which the warrant is based." *Galpin*, 720 F.3d at 446 (citation and quotation marks omitted). That is not the case here. "The Fourth Amendment does not require a perfect description of the data to be searched and seized." *Fonville v. Yu*, No. 17-CV-7440, 2021 WL 3145930, at *7 (E.D.N.Y. July 26, 2021) (citation and quotation marks omitted). Nor does it not "require that every item or document to be seized be specifically identified in the warrant." *United States v. Levy*, No. S5 11 CR. 62 PAC, 2013 WL 664712, at *5 (S.D.N.Y. Feb. 25, 2013), *aff'd*, 803 F.3d 120 (2d Cir. 2015). Moreover, the particularity requirement does not eliminate an officer's discretion. *United States v. Ukhuebor*, No. 20-MJ-1155, 2021 WL 1062535, at *4–5 (E.D.N.Y. Mar. 19, 2021) (citation and quotation marks omitted). Warrants that run afoul of particularity requirements are ones that describe evidence to be seized in terms that are "so vague" that they "reasonably [fail] to alert executing officers to the limits" of the scope of their search and their seizure authority." *United States v. Clark*, 638 F.3d 89, 94 (2d Cir. 2011).

      Here, Defendant has not offered more than conclusory assertions alleging particularity issues. As stated *supra*, Defendant's assertions that the agents' request of a "seizure and electronic search of every electronic device" given prior knowledge of the make and model of two of Defendant's cellphones was overbroad is incorrect in both fact and law. The Search Warrant *did* limit the search to devices believed to contain evidence or instrumentalities of the Subject Offenses. The Complaint and Affidavit summarized copious evidence that supported that Defendant had multiple cellphones, some of which had been identified, and that he used electronic devices and the internet to plan, execute, and benefit from his sex trafficking conduct. The Complaint and the Affidavit also detailed how Defendant used electronic devices to coordinate

8

and facilitate his sex trafficking conduct, including to communicate with Minor Victim-1 via text message to coordinate commercial sex, (*see, e.g.*, Compl. ¶¶ 11-13); solicit and obtain photographs from Minor Victim-1 for use in advertisements for commercial sex with Minor Victim-1, (*see, e.g.*, Compl. ¶¶ 12-13, 15), and coordinate transportation for Minor Victim-1 to travel to hotels to engage in commercial sex (Compl. ¶ 11). The Complaint and Search Warrant provided ample probable cause to support the belief that electronic devices were used as instrumentalities to facilitate the Subject Offenses and would contain evidence of the same. Further, "[d]emanding that an anticipatory search warrant specifically name each electronic item to be seized would require officers possessed of incomplete knowledge to identify ex ante every item of evidence that will be relevant and the precise form that it will take—a plainly unrealistic explanation." *United States v. Coffey*, No. 21CR00538 (JMA) (ARL), 2023 WL 8891508, at *11 (E.D.N.Y. Dec. 26, 2023) (distinguishing *United States v. Griffith*, 867 F.3d 1265, 1276 (D.C. Cir. 2017), on which the Defendant heavily relies.) Moreover, that law enforcement had previously identified two cellphones that Defendant used to facilitate the Subject Offenses does not undermine the basis to seize additional electronic devices as it made it more likely, not less likely, that he may have used additional devices to facilitate the Subject Offenses. Finally, the crucial "'task of a reviewing court is simply to ensure that the totality of the circumstances afforded the magistrate a substantial basis for making the requisite probable cause determination.'" *United States v. Lustyik*, 57 F. Supp. 3d 213, 224 (S.D.N. Y 2014) (quoting *United States v. Clark*, 638 F.3d 89, 93 (2d Cir. 2011)). As such, the Court does not find that Judge Krause's authorization to search for these and similar electronic evidence was overbroad and indeed reflected the scope of the alleged criminal activity. There are numerous reasonable inferences that support the probability that Defendant could have evidence supporting the Subject Offenses in additional electronic devices like cellphones and

digital storage media. "A showing of nexus does not require direct evidence and may be based on reasonable inference from the facts presented based on common sense and experience." *United States v. Singh*, 390 F.3d 168, 182 (2d Cir. 2004). To reiterate, probable cause "does not demand certainty but only a 'fair probability' that contraband or evidence of a crime will be found." *United States v. Gaskin*, 364 F.3d 438, 457 (2d Cir. 2004) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). Therefore, given Defendant's extensive use of electronic devices to facilitate and execute the Subject Offenses, the authorization to seize any electronic devices and computers meets the particularity requirements of the Fourth Amendment. Accordingly, the Court denies the Defendant's motion to suppress the Search Warrant in its entirety and concludes that a hearing is unnecessary. Thus, finding the Search Warrant to be valid, Defendant's Motion to Suppress the evidence seized as a result of these searches is denied.

## CONCLUSION

For the foregoing reasons, Defendant's motion to suppress is denied in its entirety. Defendant's request for a hearing is also denied. Clerk of Court is respectfully requested to terminate the motion at ECF No. 59.

SO ORDERED.

    Date: June 23, 2025
    White Plains, New York

Nelson S. Román, U.S. District Judge