UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _10/9/2025_____

UNITED STATES OF AMERICA,

                        Plaintiff,

    -against-

RAI THOMAS,

                        Defendant.

No. 7:23-CR-00481-NSR-1
**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

Rai Thomas ("Thomas" or "Defendant") is charged with one count of sex trafficking of a minor ("Minor Victim-1"), in violation of 18 U.S.C. §§ 1591(a) and (b)(2) and 2, and one count of using interstate facilities to promote unlawful activity in violation of 18 U.S.C. §§ 1952(a)(3) and 2 (the "Subject Offenses"). A jury trial is set to begin on October 20, 2025.

Before the Court are the Parties' motions in anticipation for trial. Defendant moves to exclude the Government's proposed expert testimony of Dr. Lisa Rocchio ("First Def. Mot." ECF No. 69) and filed a motion *in limine* ("Second Def. Mot.," ECF No. 74), which seeks to (1) permit cross-examination of the complainant about her engaging in prostitution prior to being allegedly trafficked by Defendant; (2) preclude the Government from admitting evidence relating to any other supposed prostitutes trafficked, known to, or aided and abetted by Defendant; (3) preclude the Government from admitting into evidence a firearm recovered from Defendant' purported residence; (4) preclude the Government from admitting into evidence any business records or videos derived from defunct businesses, unless introduced through a former employee of that hotel with the relevant custodial authority for those items. The Government submitted an opposition to each of Defendant's motions. ("First Gov't.. Opp." and "Second Gov't. Opp.," ECF Nos. 70, 77, respectively.)

Also before the Court is the Government's motion *in limine* ("Gov't.. Mot.," ECF No. 72) seeking pretrial rulings to: (1) preclude evidence or argument that the Minor Victim-1 consented to the trafficking or that Defendant intended to help the Minor Victim by trafficking her; (2) admit victims' prior consistent statements for their truth if Defendant challenges victims' credibility; (3) preclude Defendant from seeking to admit his own out-of-court statements; (4) preclude Defendant from disclosing information not in evidence or referring to potential punishment in the presence of the jury; (5) permit victims to testify under a first name or pseudonym; (6) admit text messages of individuals who communicated with the defendant as adopted admissions and co-conspirator statements; and (7) find that certain records are self-authenticating based on certifications from the relevant custodians of record. Defendant filed an opposition and reply to the Government's motion. (ECF Nos. 73, 74, respectively.)

For the following reasons, the Parties' motions are GRANTED in part and DENIED in part.

## BACKGROUND

The following facts are drawn from the July 20, 2022 Complaint (ECF No. 3) ("Compl."), the Indictment (ECF No. 39), and the Parties' submissions. Defendant Rai Thomas was indicted for sex trafficking of a minor. In January and February 2022, Defendant caused a 17-year-old female minor victim ("Minor Victim-1") to engage in commercial sex in hotels in the Bronx and Brooklyn, New York. (Compl. ¶ 4.) Minor Victim-1 lived at a residential facility for vulnerable and at-risk minors located within Dutchess County. (*Id.*) Defendant coordinated all aspects of her commercial sex activities and financially benefitted from those activities. (*Id.*) Specifically, Defendant recruited Minor Victim-1 to engage in commercial sex; reserved hotels rooms in which she engaged in commercial sex; Defendant coordinated transportation of Minor Victim-1 to hotels to engage in commercial sex; Defendant facilitated sexually-explicit advertising of Minor Victim-

1 on various websites for commercial sex to attract customers; Defendant also collected proceeds of commercial sex from Minor Victim-1 and paid her a portion. (*Id.*)

The Complaint describes Defendant's offensive conduct, including how Defendant regularly communicated with Minor Victim-1 via text message to coordinate her commercial sex; solicited and obtained photographs from Minor Victim-1 for use in advertisements that, through coordination with advertisers ("Advertisers") Defendant posted to websites advertising commercial sex with Minor Victim-1; and ordered and coordinated transportation for Minor Victim-1 to travel to locations to engage in commercial sex. (*See, e.g.*, Compl. ¶¶ 11-13).

On July 22, 2022, the FBI arrested Defendant at his residence, an apartment in Mount Vernon, and executed a search warrant, which resulted in the seizure of multiple physical and electronic items, including multiple hotel room keys, articles of clothing that the Defendant was seen wearing on surveillance video during the charged sex trafficking episodes, 9mm ammunition, and sex paraphernalia such as condoms and lubricant. In addition, the FBI located and seized multiple cellphones. Six days after the search, on or about July 28, 2022, law enforcement officers were informed of (and recovered) a firearm discovered by roof cleaners on the roof of the apartment building in which Defendant resided.

On April 15, 2025, Defendant filed a motion to suppress all physical evidence recovered from his residence during the search on July 22, 2022. (ECF No. 59.) On June 23, 2025, this Court denied the Defendant's suppression motion in its entirety. (ECF. No. 61.) At a pretrial conference on June 27, 2025, the Court granted the parties leave to file motions *in limine* addressed herein.

## LEGAL STANDARD

"A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions in limine." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176–77 (S.D.N.Y. 2008) (citing *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984)). An *in limine* motion is intended "to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal citation omitted). "Because a ruling on a motion in limine is 'subject to change as the case unfolds,' this ruling constitutes a preliminary determination in preparation for trial." *United States v. Perez*, No. 09-CR-1153 (MEA), 2011 WL 1431985, at *1 (S.D.N.Y. Apr. 12, 2011) (quoting *Palmieri*, 88 F.3d at 139).

With certain exceptions, all relevant evidence is admissible, and evidence which is not relevant is not admissible. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may still be excluded by the Court "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Though the "standard of relevance established by the Federal Rules of Evidence is not high," *United States v. Southland Corp.*, 760 F.2d 1366, 1375 (2d Cir. 1985), the Court has "broad discretion to balance probative value against possible prejudice" under Rule 403, *United States v. Bermudez*, 529 F.3d 158, 161 (2d Cir. 2008).

## DISCUSSION

### I.    Defendant Thomas' Motion to Exclude Proposed Testimony of Lisa M. Rocchio, Ph.D. on the Basis of Relevance

Defendant Thomas moves to exclude the proposed testimony of clinical and forensic psychologist Dr. Lisa Rocchio. (ECF No. 74 at 2.) In particular, Defendant objects on the bases of relevance, that the expert testimony would be more prejudicial than probative, and that the issues are not beyond the ken of the average juror. (*Id.*) The Government opposes, arguing that Dr. Rocchio's testimony is relevant to contextualize Minor Victim-1's testimony and assist the jury in understanding multiple issues that fall beyond the knowledge of the average juror. (ECF No. 70 at 7.) The Court agrees with the Government and permits the admission of Dr. Rocchio's proposed testimony.

Federal Rule of Evidence 702 governs the admissibility of expert testimony. It requires a proponent to establish by a preponderance of the evidence that:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

In other words, "the Court must determine: (1) whether the witness is a qualified expert; (2) whether the opinion is based on application of reliable data and methodology to the facts of the case; and (3) whether the expert's testimony will assist the trier of fact to understand the evidence or determine an issue of fact." *Boateng v. Bayerische Motoren Werke Aktiengesellschaft*, No. 17-cv-209, 2022 WL 4357555, at *10 (E.D.N.Y. Sept. 20, 2022) (citation omitted). The proponent of the expert testimony bears "the burden of establishing by a preponderance of the evidence that the admissibility requirements of Rule 702 are satisfied." *United States v. Jones*, 965 F.3d 149, 161 (2d Cir. 2020) (internal quotation marks omitted). Moreover, as the Supreme Court has recognized,

"a judge assessing a proffer of expert scientific testimony under Rule 702 should also be mindful of other applicable [Federal Rules of Evidence]," including Rule 403, which permits exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 595, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) (internal quotation marks omitted); *accord United States v. Dukagjini*, 326 F.3d 45, 58 (2d Cir. 2003).

In this case, Defendant does not challenge Dr. Rocchio's qualifications[1] as an expert or that her methods are reliable. (First Def. Mot. at 3.) ("The defense acknowledges Dr. Rocchio's credentials and the fact that she has been permitted to testify by other courts as to several of these proposed topics.") Defendant argues, however, that (1) testimony about childhood sexual abuse is not "meaningfully relevant" to this case (First Def. Mot. at 3-4), (2) that Dr. Rocchio's proposed testimony about the ways in which childhood sexual abuse psychologically impacts victims is within the ken of the average juror (*Id.* at 5-6), and (3) that Dr. Rocchio's proposed testimony improperly vouches for Minor Victim-1's credibility, running afoul of FRE 403. (*Id.* at 4-5.)

Defendant's first two arguments regarding sexual abuse are predicated upon relevancy. "Relevance can be expressed as a question of 'fit'—'whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute.'" *Daubert*, 509 U.S. at 591. To wit, the Government argues that Dr. Rocchio's testimony is "directly relevant to the jury's understanding of the facts of this case because it contextualizes the relationship between a minor and an adult facilitating commercial sex acts by that minor. Dr.

---

[1] Dr. Rocchio is a Clinical Assistant Professor within the department of Psychiatry and Human Behavior at the Brown University Alpert School of Medicine where she conducts supervision and training for psychiatry fellows. (ECF No. 69-1 at 4.) Over the course of her 25-year career, Dr. Rocchio has obtained specialized training regarding, and has specialized her clinical and forensic practice in, the assessment and treatment of patients who have experienced traumatic stress and interpersonal violence (which includes but is not limited to rape, sexual assault, childhood sexual abuse, intimate partner violence, and sexual harassment). (*Id.*)

Rocchio's testimony will explain why an adult is able to manipulate a minor into engaging in commercial sex, an activity a minor lacks the maturity to fully understand, through something as simple as being able to afford a cellphone." (Gov't. Opp. at 8.)

The Second Circuit has held that expert testimony regarding the general dynamics of sexual abuse, including manipulation tactics, is admissible under Rule 702, "when it provides jurors with information to assist them in evaluating, and placing into perspective, conduct that may be the result of complex interpersonal relationships that could be difficult for a jury to understand on its own." *United States v. Pollok*, 139 F.4th 126, 140–41 (2d Cir. 2025); *see also United States v. Shine*, No. 20-314, 2022 WL 761520, at *4 (2d Cir. Mar. 14, 2022) (summary order) (holding the district court did not abuse its discretion in admitting expert testimony regarding common practices and methods used in the commercial sex industry). *Pollok* also held that "given the complexity of these types of interpersonal dynamics," testimony providing specialized knowledge was "beyond the ken of the average juror. . .  and could aid the jury in assessing the relationship between, and behavior of, the defendant and his victims" (*id.*), as well as "help the jury contextualize the seemingly counterintuitive behavior of the victims." *United States of America, v. Lawrence Ray*, No. 20-CR-110 (LJL), 2022 WL 101911, at *13 (S.D.N.Y. Jan. 11, 2022) (alteration adopted) (internal quotation marks omitted). Thus, Dr. Rocchio's testimony would help explain why an adult is able to manipulate a minor into engaging in commercial sex.

Moreover, the nuances regarding the ways in which victims of sexual abuse act and react are not within a juror's ken. *See United States v. Zhong*, 26 F.4th 536, 555–56 (2d Cir. 2022); *see also United States v. Johnson,* 860 F.3d 1133, 1140 (8th Cir. 2017) ("Regardless of the victim's age, expert testimony about how individuals generally react to sexual abuse—such as not reporting the abuse and not attempting to escape from the abuser—helps jurors evaluate the alleged victim's

behavior."), *United States v. Halamek*, 5 F.4th 1081, 1088 (9th Cir. 2021) (holding district court did not err in admitting expert testimony about grooming for child sexual abuse and joining "several other circuit courts of appeal [that] have held that admitting such testimony is not an abuse of discretion because the testimony illuminate[s] how seemingly innocent conduct ... could be part of a seduction technique," and collecting cases (internal quotation marks omitted)).

As for Defendant's argument that Dr. Rocchio's proposed testimony could potentially "be akin to having an expert vouch for the credibility of a witness," (First Def. Mot. at 5), Dr. Rocchio's may not testify about Minor Victim-1's credibility. *See United States v. Hamlett*, No. 19-3069, 2021 WL 5105861, at *1 (2d Cir. Nov. 3, 2021) (summary order) ("expert opinions that constitute evaluations of witness credibility, even when such evaluations are rooted in scientific or technical expertise, are inadmissible under Rule 702.") (quoting *Nimely v. City of New York*, 414 F.3d 381, 398 (2d Cir. 2005)); *Discepolo v. Gorgone*, 399 F. Supp. 2d 123, 130 (D. Conn. 2005) (allowing psychologist to testify "that the plaintiff suffers from PTSD, that sexual abuse can be a stressor sufficiently severe to result in PTSD, and that plaintiff's symptoms and behaviors are consistent with those of people who have suffered childhood sexual abuse," but not to "opine on the credibility of plaintiff or offer any opinion that plaintiff in fact suffered the sexual abuse she claims"). Accordingly, the Court will permit Dr. Rocchio's testimony provided that she does not opine on the credibility of any witness.

## II.    Defendant Thomas' Motion *in limine*

### A.    *Permitting cross-examination of the complainant about her engaging in prostitution prior to being allegedly trafficked by Defendant*

The Court denies Defendant's request that the Court permit cross-examination of the Minor Victim-1 about engaging in commercial sex prior to being allegedly trafficked by Defendant. (Second Def. Mot. at 2-3.) Courts commonly extend the application of Rule 412 to sex trafficking

cases. *See, e.g.*, *United States v. Graham*, No. 14 Cr. 500, 2015 WL 6161292, at *10 (S.D.N.Y. Oct. 20, 2015). Federal Rule of Evidence 412 generally prohibits a defendant in a criminal case involving alleged sexual misconduct from offering evidence to prove that a victim engaged in "other sexual behavior" or to prove a victim's "sexual predisposition." Fed. R. Evid. 412(a). The court may admit evidence of specific instances of a victim's sexual behavior, however, if offered to prove (1) that someone other than the defendant was the source of physical evidence (*i.e.*, semen), (2) consent, or (3) if excluding such evidence would violate a defendant's constitutional rights. Fed. R. Evid. 412(b)(1); *see United States v. Rivera*, 799 F.3d 180, 184–85 (2d Cir. 2015) (listing as examples the defendant's rights to present a complete defense, confront adverse witnesses, and conduct effective cross-examinations). However, none of those exceptions apply here. Defendant argues that evidence elicited from cross-examination might suggest that the Minor Victim-1 worked with "someone else (a prior pimp, perhaps)" who was responsible for enticing Minor Victim-1 into prostitution. (*Id.*) Defendant's conjectures are insufficient to warrant exception. Defendant also contends that evidence of participation in prostitution prior to the alleged criminal conduct is also potentially relevant to Defendant's arguments concerning the Minor Victim-1's "bias and motive to fabricate." (*Id.*) However, impeaching a victim's truthfulness and showing their capability to fabricate a story are not recognized exceptions to rule prohibiting a defendant in a case involving alleged sexual misconduct from offering evidence to prove that a victim engaged in other sexual behavior or to prove a victim's sexual predisposition. *See e.g.*, *United States v. Terranova*, 750 F. Supp. 3d 15 (E.D.N.Y. 2024).

The defense further explains that it considers evidence of Minor Victim-1 "independent participation in prostitution prior to the alleged criminal conduct would be relevant to the issue of whether [Minor Victim-1] was in fact logistically capable of engaging in prostitution without the

assistance of another." (Def. Reply at 4.) The defense has not provided how its request creates an exception to the limitations of Rule 412. In this Circuit, evidence of a victim's "other sexual behavior" is regularly precluded under Rule 412, including when offered to show that a victim engaged in commercial sex acts prior to the alleged offense conduct. *See, e.g.*, *United States v. Graham*, No. 14 Cr. 500 (NSR), 2015 WL 6161292, at *9-10 (S.D.N.Y. Oct. 20, 2015) (granting motion to preclude the introduction of evidence concerning the minor sex trafficking victims' other sexual behavior with the exception of limited testimony relevant to the charged offenses that were offered by the Government) (internal quotations omitted); *United States v. Rivera*, 23 Cr. 149 (KAM), 2015 WL 1886967 at *5 (E.D.N.Y. April 24, 2015) ("The sexual behavior of the alleged victims after the defendants' arrest is not relevant to the jury's determination of whether the defendants committed the charged sexual misconduct"); *United States v. Corley*, 679 F. App'x 1, 4 (2d Cir. 2017) (summary order) (affirming the district court's exclusion, under Rule 412, of cross-examination regarding the victims' "previous employment as prostitutes and other sexual conduct unrelated to their employment" with the defendant in a sex-trafficking-of-a-minor case). Accordingly, the Court denies Defendant's request to cross-examine the Minor Victim-1 about engaging in prostitution prior to the timeframe of the alleged conduct.

### B. Precluding the Government from admitting evidence relating to any other supposed prostitutes trafficked, known to, or aided and abetted by Defendant

The Court denies Defendant's request that the Court preclude testimony or evidence from Minor-Victim 1 that Defendant "aided or abetted other prostitutes" prior to or simultaneous to the alleged criminal conduct involving Minor-Victim 1. Federal Rule of Evidence 404(b) prohibits the introduction of evidence of crimes, wrongs, or other acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Nevertheless, such evidence "may be admissible" to establish "motive, opportunity,

intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

Evidence of an uncharged crime or bad acts is not subject to the Rule 404(b) analysis, however, if it (1) "arose out of the same transaction or series of transactions as the charged offense," (2) "[is] inextricably intertwined with the evidence regarding the charged offense," or (3) "is necessary to complete the story of the crime [on] trial." *United States v. Kidd*, 385 F. Supp. 3d 250, 254 (S.D.N.Y. 2019), aff'd, No. 22-287-CR, 2023 WL 7290904 (2d Cir. Nov. 6, 2023) (quoting *United States v. Gonzalez*, 110 F.3d 936, 942 (2d Cir. 1997)). Such evidence need not "directly establish an element of the offense charged," but rather, it can "provide background" for the alleged events, and it may be admitted for the purpose of demonstrating, "the circumstances surrounding the events or to furnish an explanation of the understanding or intent with which certain acts were performed." *United States v. Coonan*, 938 F.2d 1553, 1561 (2d Cir. 1991) (quoting *United States v. Daly*, 842 F.2d 1380, 1388 (2d Cir. 1988)).

At trial, the Government seeks to introduce evidence including, "[e]vidence that the defendant trafficked other minor victims—including, for example, a 16-year-old girl who lived at the same residential facility for at-risk youth as Minor Victim-1… critical to establishing the defendant's identity and absence of mistake." (Gov't.. Opp. at 14.) Defendant generally objects to any such evidence under FRE 404(b), arguing that no such legitimate purpose exists here, and such admission is prejudicial. The Court disagrees. *See*, *e.g.*, *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012) (quoting *United States v. Roldan–Zapata*, 916 F.2d 795, 804 (2d Cir.1990) which noted that prior act evidence was not unduly prejudicial because, in part, it "did not involve conduct any more sensational or disturbing than the crimes with which [the defendant] was charged.)

Accordingly, the Court denies Defendant's request and permits the Government to introduce such evidence, so long as the Government establishes the necessary factual predicates.

> C.    *Precluding the Government from admitting into evidence a firearm recovered from Defendant' purported residence*

The Court reserves decision on Defendant's request to preclude the introduction of the firearm recovered on the roof of the building at 59 Mount Vernon Avenue in Mount Vernon six days after a search of Defendant's residence, pending the development of the evidentiary record at trial. Defendant argues that admission of this evidence would violate Rules 402, 403, and 404(b), and contends that any evidence relating to the firearm should be excluded because Defendant is not charged with illegally possessing a firearm or using one to carry out the alleged conduct. (Second Def. Mot. at 4.) The Government expects to introduce evidence that Defendant had access to firearms and ammunition, which are means to mitigate the risks involved in his sex trafficking operation. (Gov't.. Opp. at 17.) When the FBI arrested Defendant at his residence and executed a search warrant of the premises on July 22, 2022, they recovered from the defendant's bedroom, among other things, six rounds of 9mm ammunition. (*Id.*) Further, the Government seeks to introduce images of cellphones contained multiple images of firearms, including two photographs of an individual whose face is covered while posing with different firearms, and one photograph of a firearm that appears to be a 9mm pistol similar in shape and color to the 9mm pistol recovered on the roof of Defendant's building. (*Id.* at 20.) However, at this stage, the Court cannot determine whether the Government will be able to lay a sufficient factual predicate to establish a connection between the firearm discovered on the roof of the building in which Defendant resided and Defendant. Accordingly, the Court reserves judgement on Defendant's request to preclude the introduction of the firearm discovered on the roof of his building six days after the search warrant of his residence.

> *D.     Precluding the Government from admitting into evidence any business records or videos derived from Vybe Hotel in Brooklyn, unless introduced through a former employee with the relevant custodial authority for those items*

The Court is aware that the Parties have resolved this request. (*See supra* III (G), Govt. Opp. at 19 n. 5.)

III.    The Government's Motions *in limine*

> *A.     Preclude evidence or argument that the Minor Victim-1 consented to the trafficking or that the defendant intended to help Minor Victim-1 by trafficking her*

The Court grants the Government requests to preclude evidence and argument that Minor Victim-1 "willingly participated in her own prostitution activities independently" and that the defendant did not "aid and abet" Minor Victim-1. (ECF No.1 No. 69, 1-2.) As the Government notes, minor victims cannot legally consent to perform sex acts. *See, e.g.*, *Corley*, 679 F. App'x 1, 4 (2d Cir. 2017) (affirming the district court's evidentiary ruling precluding the cross examination of the minor victims regarding, inter alia, whether "the minor victims consented to being prostitutes" on the grounds that "the victims could not consent because they were minors.") (citation omitted). As a matter of law, Minor Victim-1—who was a child at the time of the offense—could not have consented to engaging in sexual activity at the request of Defendant. *See United States v. Maxwell*, 20 Cr. 330 (AJN), ECF No. 565 at 35 (instructing the jury that "[i]t is not relevant whether or not [the minor victim] was a willing participant in performing commercial sex acts when she was under the age of 18 years old. Consent by the person is not a defense to the charge [of Sex Trafficking of a Minor]"); *United States v. Almonte*, 16 Cr. 670 (KMW), Trial Tr. at 960 (same); *see also United States v. Kidd*, 385 F. Supp. 3d 250, 253 (S.D.N.Y. 2019) (holding that consent is not a viable defense for the sex trafficking of minors). Under 18 U.S.C. § 1591, consent is not an element when the victim is under 18; minors cannot legally consent to commercial

sex trafficking. Any suggestion or argument to the contrary is inadmissible. Thus, the Government's motion *in limine* to preclude any evidence or argument that the minor victim consented to being trafficked or sexually exploited is granted.

However, the Court reserves ruling on the admissibility of evidence or argument related to Defendant's intent or purported motivation (*e.g.*, to 'help' Minor Victim-1), pending further factual development at trial. This portion of the motion is denied without prejudice to renewal upon a more developed record.

### B.    *Admit victims' prior consistent statements for their truth if the defendant challenges victims' credibility*

The Court grants the Government's request for admission of out-of-court statements made by a victim as prior consistent statements under Rule 801(d)(1)(B) in the event that Defendant challenges a victim's credibility, provided that the Rule 801(d)(1)(B) requirements for that specific statement are met. Rule 801(d)(1)(B) provides that "[a] statement ... is not hearsay" where "[t]he declarant testifies and is subject to cross-examination about a prior statement," and that statement:

> (B) is consistent with the declarant's testimony and is offered:
> (i) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or
> (ii) to rehabilitate the declarant's credibility as a witness when attacked on another ground[.]

This Rule "was amended in 2014 to include subsection (ii), which expands the purposes for which prior consistent statements may be offered." *United States v. Purcell*, 967 F.3d 159, 196 (2d Cir. 2020). "The intent of the amendment is to extend substantive effect to consistent statements that rebut other attacks on a witness—such as the charges of inconsistency or faulty memory." Fed. R. Evid. 801 advisory committee notes to 2014 amendment (emphasis added); *see also Purcell*, 967 F.3d at 196.11 That said, prior consistent statements cannot be offered to rebut "only a generalized attack on credibility." *United States v. Pierre*, 781 F.2d 329, 333 (2d Cir.

1986). "The prior consistent statement[ ] must have 'some rebutting force beyond the mere fact that the witness has repeated on a prior occasion a statement consistent with his trial testimony.'" *See also United States v. Ray*, No. 20-CR-110 (LJL), 2022 WL 558146, at *5 (S.D.N.Y. Feb. 24, 2022) (quoting *Pierre*, 781 F.2d at 331). The 2014 amendment did not alter the well-accepted principle that Rule 801(d)(1)(B) "does not allow impermissible bolstering of a witness." *See* Fed. R. Evid. 801 advisory committee notes to 2014 amendment; *see also Tome v. United States*, 513 U.S. 150, 157-58 (1995) ("[Rule 801(d)(1)(B)] speaks of a party rebutting an alleged motive, not bolstering the veracity of the story told."). Prior consistent statements may be admissible once a witness's credibility is attacked during cross-examination, or during the opposing party's opening arguments to the jury. *See Ray*, 2022 WL 558146, at *6; *see also United States v. Flores*, 945 F.3d 687, 705-06 (2d Cir. 2019). Once the parties have opened, Minor Victim-1 testifies, and Defendant seeks to impeach her credibility, the Court can determine whether the requirements of Rule 801(d)(1)(B) have been satisfied for statements that the Government seeks to introduce. The Court will not admit prior consistent statements used for impermissible bolstering. *See* Fed. R. Evid. 801 advisory committee's note to 2014 amendment. Accordingly, the Government may seek admission of a prior consistent statement once the Rule 801(d)(1)(B) requirements for that specific statement are met.

### C.    *Preclude Defendant from seeking to admit his own out-of-court statements*

The Court reserves judgment on the Government's request to preclude Defendant from introducing any of the Defendant's prior statements outside of direct testimony. The Government notes that they will attempt to offer certain of Defendant's text messages relevant to the charged offenses and requests that Defendant be precluded from offering additional portions of his out-of-

court statements under the rule of completeness when the Government offers inculpatory statements. (Govt. MiL at 10-11.)

However, the Government's request to preclude any and all of the Defendant's prior statements is too broad at this juncture because the Government has not indicated which statements they seek to admit. *See e.g.*, *United States v. Scali*, No. 16-CR-466 (NSR), 2018 WL 461441, at *5 (S.D.N.Y. Jan. 18, 2018), aff'd, 820 F. App'x 23 (2d Cir. 2020). Further, as the Government pointed out, the Parties will confer prior to trial and endeavor to agree on any potential rule of completeness issues without the need for the Court's involvement, prior to raising specific disagreements to the Court. (Gov't. MiL at 10.) Thus, the Court reserves judgment on the Government's request at this time.

> D.     *Preclude the defendant from disclosing information not in evidence or referring to potential punishment in the presence of the jury*

The Court grants the Government's request to preclude Defendant from offering evidence or arguments concerning his personal and family backgrounds (including any children), health conditions (either his own or his family members'), or any other similar personal factors unconnected to his guilt. (Gov't. MiL at 12.) Defendant does not address this issue. As this Court previously held in *United States v. Rossy*, No. 22-CR-550-02 (NSR), 2023 WL 8237055 (S.D.N.Y. Nov. 28, 2023), district courts possess "wide discretion concerning the admissibility of background evidence," including that of a defendant's personal characteristics. *United States v. Blackwell*, 853 F.2d 86, 88 (2d Cir. 1988). Basic background information about a defendant, such as employment history, is "routinely admitted," (*id*.), but other information, such as family circumstances, is not. *See, e.g. United States v. Washington*, No. 21-CR-603 (VEC), 2023 WL 6219203, at *10 (S.D.N.Y. Sept. 22, 2023) (precluding evidence of "family background, health, age, or any other

similar factors" because "[s]uch evidence is generally irrelevant to any issue of consequence");
*United States v. Battaglia*, No. S9 05-CR-0774, 2008 WL 144826, at *3 (S.D.N.Y. Jan. 15, 2008)
(excluding "any evidence of Defendant's family and personal status" under Fed. R. Evid. 401);
*United States v. Sterritt*, No. 21-CR-193 (KAM), 2023 WL 7386660, at *4-5 (E.D.N.Y. Nov. 8,
2023) (excluding "evidence of [defendant's] personal, health, or family circumstances" because it
"carries too great a risk of unfair prejudice, confusing the issues and misleading the jury").

Moreover, Courts have previously excluded evidence of a defendant's personal and family
circumstances because it "is generally irrelevant to any issue of consequence and therefore
inadmissible." *United States v. Washington*, No. 21-CR-603 (VEC), 2023 WL 6219203, at *10
(S.D.N.Y. Sept. 22, 2023). Likewise, here, because personal information concerning the
Defendant's family background "is generally irrelevant to any issue of consequence" the
Defendant's motion to introduce such information at trial is denied. *See Washington*, 2023 WL
6219203, at *10.

Second, it is well established that when, as here, a jury does not have a sentencing function,
jurors are not to be informed of the consequences of their verdict because "[i]nformation regarding
the consequences of a verdict is [ ] irrelevant to the jury's task. Moreover, providing jurors
sentencing information invites them to ponder matters that are not within their province, distracts
them from their factfinding responsibilities, and creates a strong possibility of confusion." *Scali*,
2018 WL 461441 at *9 (quoting *Shannon v. United States,* 512 U.S. 573, 579 (1994)). As both the
*Shannon* Court and the Second Circuit suggest, there may be circumstances where it is within the
Court's discretion to inform the jury of applicable punishments. (*Id.* at 588.) ("If, for example, a
witness or prosecutor states in the presence of the jury that a particular defendant would 'go free'
if found [not guilty by reason of insanity], it may be necessary for the district court to intervene

with an instruction to counter such a misstatement."); *United States v. Polouizzi,* 564 F.3d 142, 161-163 (2d Cir. 2009). In this case, however, there is no basis upon which the Defendant would be allowed to introduce into evidence or refer to any punishment that may follow a conviction of the counts charged, nor does Defendant intend to. *United States v. Del Rosario,* No. S1 12 Cr. 81(KBF), 2012 WL 2354245, at *2 (S.D.N.Y. June 14, 2012). (Def. Mot. at 28.) Thus, the Court grants the Government's motion to preclude any reference by Defendant to a potential punishment during all phases of the trial.

> E.    *Permit victims to testify under a first name or pseudonym*

The Court grants the Government's unopposed request to permit victims to testify under a first name or pseudonym. (Gov't. MiL at 13.) As the Government states in its motion, such action is necessary to protect victims, including Minor Victim-1, from potential harassment, undue embarrassment, and other adverse consequences that may result from their testimony about having been sex trafficked as a minor. (*Id.*) Moreover, the interest in anonymity outweighs any countervailing constitutional interests at stake. *See United States v. Daskal*, No. 21-CR-110 (NGG) (LB), 2023 WL 9424080, at *5 (E.D.N.Y. July 12, 2023) (finding anonymity appropriate where defendant already knew alleged victim's name and was "free to undertake whatever research he [saw] fit in advance of trial"); *see also United States v. Kidd*, 385 F. Supp. 3d 250, 255 (S.D.N.Y. 2019) ("[T]he right to know the victims' identity is separate from whether the victims may testify at trial anonymously."). Accordingly, the Court grants the Government's unopposed request.

Further, the Crime Victims' Rights Act, 18 U.S.C. § 3771, requires district courts to implement procedures to ensure that crime victims are accorded, among other rights, "[t]he right to be reasonably protected from the accused," and "[t]he right to be treated with fairness and with respect for the victim's dignity and privacy." (*Id.* §§ (a)(1), (a)(8).) Moreover, the public "has a

strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Doe on behalf of Doe No. 1 v. Nygard*, No. 20 Civ. 6501 (ER), 2020 WL 4890427, at *3 (S.D.N.Y. Aug. 20, 2020).

> F.      *Admit text messages of individuals who communicated with the defendant as adopted admissions and co-conspirator statements*

The Court declines to issue a blanket ruling admitting text messages under Federal Rule of Evidence 801(d)(2)(E), or 801(d)(2)(B) as co-conspirator statements or adopted admissions, respectively, in the absence of specific statements and accompanying context. While the Government's proffer suggests that certain communications may fall within these exceptions to the hearsay rule, admissibility must be evaluated on a statement-by-statement basis, with sufficient foundation established for each. *See e.g.*, *United States v. Ray*, No. 20-CR-110 (LJL), 2022 WL 558146, at *3 (S.D.N.Y. Feb. 24, 2022).

Accordingly, the Court reserves judgment on the admissibility of these communications. The Government may seek to admit specific text messages at trial, at which point the Court will evaluate whether the requisite evidentiary foundation has been laid, and whether the statement satisfies Rule 801(d)(2)(E), Rule 801(d)(2)(B), or another applicable exception. This ruling is without prejudice to the Government's ability to introduce the evidence at trial, subject to contemporaneous objection by the defense and further ruling by the Court.

> G.      *Find that certain records are self-authenticating based on certifications from the relevant custodians of record*

The Court notes that the Government has conferred with defense counsel, who has agreed to stipulate to the authenticity and admissibility under the business records exception of records obtained from third party businesses such as Uber, Lyft, T-Mobile, Verizon, Meta/Instagram, and Days Inn, as indicated in the Defendant's motion *in limine*. (*See* Gov't. Opp. at 19 n.5.) The

Government further provides that absent further stipulation with the defense, the Government intends to introduce materials obtained from the Vybe Hotel through witness testimony. Accordingly, the Court need not make a ruling on this issue.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion to exclude the proposed testimony of clinical and forensic psychologist Dr. Lisa Rocchio; DENIES Defendant's request to cross-examine Minor Victim-1 about her engagement in commercial sex prior to being allegedly trafficked by Defendant; DENIES Defendant's request to preclude the Government from admitting evidence relating to any other "supposed prostitutes trafficked, known to, or aided and abetted" by Defendant; and RESERVES DECISION on Defendant's request to preclude the introduction of the firearm recovered on the roof of the building of his residence, pending the development of the evidentiary record at trial.

The Court GRANTS the Government's request to preclude evidence or argument that the Minor Victim-1 consented to the trafficking; RESERVES DECISION on the Government's request that Defendant intended to help the minor victim by trafficking her; GRANTS the Government's request to admit victims' prior consistent statements for their truth if Defendant challenges victims' credibility; RESERVES DECISION on the Government's request to preclude Defendant from introducing any of the Defendant's prior statements outside of direct testimony; GRANTS the Government's request to preclude Defendant from disclosing information not in evidence or referring to potential punishment in the presence of the jury; GRANTS the Government's unopposed request to permit victims to testify under a first name or pseudonym; and RESERVES DECISION on admitting text messages under Federal Rule of Evidence

801(d)(2)(E) or 801(d)(2)(B) as co-conspirator statements or adopted admissions, respectively, in the absence of specific statements and accompanying context. The Clerk of Court is kindly directed to terminate the motions at ECF Nos. 69, 72, 74, and 77.

Date: October 9, 2025
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge