UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

         - v. -

RAI THOMAS,
  a/k/a Bandz
                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 2/13/2026

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO
SPECIFIC PROPERTY

23 Cr. 481 (NSR)

WHEREAS, on or about September 18, 2023, RAI THOMAS (the "Defendant"), was charged in an Indictment, 23 Cr. 481 (NSR) (the "Indictment"), with sex trafficking of a minor, in violation of Title 18, United States Code, Sections 1591(a) and (b)(2) and 2 (Count One); and use of interstate facility to promote unlawful activity, in violation of Title 18 United States Code, Section 1952 (a)(3) and 2 (Count Two);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 1594 and 2, of any and all property, real and personal, that was involved in, used or intended to be used to commit or facilitate the commission of the offense charged in Count One of the Indictment, and any all property traceable to such property; and property, real and personal, constitution or derived from any proceeds obtained directly or indirectly, as a result of the offense charged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of offense charged in Count One of the Indictment;

WHEREAS, on or about October 27, 2025 the Defendant was found guilty, following a jury trial, of Counts One and Two of the Indictment;

WHEREAS, the Defendant consents to the forfeiture of all his right, title and interest in the following property that was seized from the Defendant by the Government on or about July 22, 2022, at 59 Mount Vernon Avenue, Bronx NY as property used or intended to be used to commit, or promote the commission of the offense charged in Count One of the Indictment:

a. Samsung Galaxy Black S9 IMEI 3579290907 (FBI # 1B1);

~~b. Red Apple iPhone (FBI # 1B2);~~   *MG*  *QG*

c. Tan Jacket with white collar (FBI # 1B3);

d. Blue Motorola Phone IMEI 351638117928657 (FBI # 1B5);

e. Six rounds 9MM ammunition (FBI # 1B6);

~~f. Yellow Apple I phone IMEI 358538054135139 (FBI # 1B7); and~~ *MG* *QG*

~~g. Black Sandisk USB 8GB (FBI # 1B16)~~ *MG* *QG*

(a. through g., collectively, the "Specific Property");

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Qais Ghafary, of counsel, and the Defendant and his counsel, Matthew J. Galluzzo, Esq., that:

1. As a result of the offense charged in Count One of the Indictment of which the Defendant was found guilty, all of the Defendant's right, title and interest in the Specific

Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant RAI THOMAS, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.      Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov.  This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days.  Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances

of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6.     Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9.     The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

10.    The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____          2/13/26
    Qais Ghafary                                 DATE
    Assistant United States Attorney
    26 Federal Plaza
    New York, NY 10278
    (212) 637-2534


RAI THOMAS

By: _____          2/13/26
    Rai Thomas                                   DATE


By: _____          2/13/26
    Matthew J. Galluzzo, Esq.                    DATE
    Attorney for Defendant
    11 Broadway Suite 715
    New York, New York 10004


SO ORDERED:

_____          2/13/26
HONORABLE NELSON S. ROMAN                   DATE
UNITED STATES DISTRICT JUDGE