UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------: 

UNITED STATES OF AMERICA,   :
:
Plaintiff,   :
:
-against-   :
:
RAI THOMAS,   :
Defendant.   :
----------------------------------------------------------- :

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/25/2026

No. 23 CR 481 (NSR)

**ORDER**

NELSON S. ROMÁN, United States District Judge:

Defendant Rai Thomas ("Defendant") was convicted by a jury on October 27, 2025, of sex trafficking a 17-year-old minor, in violation of 18 U.S.C. §§ 1591(a) and (b)(2) ("Count One"), and using an interstate facility to promote unlawful activity, in violation of 18 U.S.C. § 1952(a)(3) ("Count Two"). On February 13, 2026, the Court sentenced Defendant to 160 months' imprisonment on Count One and 60 months' imprisonment on Count Two, to be served concurrently, for a total term of 160 months' imprisonment. At sentencing, the Court directed the Government to advise whether it intended to seek restitution. The Government timely responded, requesting that the Court impose a $5,000 assessment on Count One pursuant to the Justice for Victims of Trafficking Act ("JVTA"). (ECF No. 96.) Defendant opposes the Government's request. (ECF No. 97.)

The JVTA provides that courts "shall assess an amount of $5,000 on any non-indigent person" convicted of certain offenses, including sex trafficking of a minor, in violation of 18 U.S.C. § 1591. *See* 18 U.S.C. § 3014(a)(1). The Second Circuit has further explained that "when determining whether a defendant is indigent pursuant to section 3014(a), a court may consider both the resources available to the defendant at the time of sentencing and the defendant's future earning potential." *United States v. Rosario*, 7 F.4th 65, 70 (2d Cir. 2021); *see also United States v. Clarke*, 979 F.3d 82, 101 (2d Cir. 2020) ("When making an indigency determination, a district court 'may

consider both [the] defendant's present financial resources and those that may become available in the future'") (quoting *United States v. Salameh*, 261 F.3d 271, 276 (2d Cir. 2001)).

Although Defendant may not presently have the financial means to satisfy the assessment, that fact alone does not establish that he will remain unable to pay it in the future. As the Government notes, Defendant will be in his early forties upon completion of his sentence, leaving him with substantial future earning potential. The Presentence Investigation Report further provides that Defendant graduated high school and attended some college classes, (*see* PSR ¶¶ 75, 77), and worked a series of retail and other jobs between 2017 and his arrest in July 2022, (*see* PSR ¶¶ 80–83). Because Defendant's "obligation to pay the JVTA assessment continues for 20 years after entry of judgment or release from prison," *see Rosario*, 7 F.4th at 70, the Court imposes a $5,000 assessment on Count One pursuant to the JVTA. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 96.

Dated: February 25, 2026                                SO ORDERED:
      White Plains, NY

                                                  _____
                                                       NELSON S. ROMÁN
                                       United States District Judge